UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARON MYERS,<br><br>                          Plaintiff,<br><br>  - against -<br><br>HOLLYWOODLIFE.COM, LLC<br><br>                          Defendant. | Docket No. 17-cv-04424<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Caron Myers ("Myers" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant Hollywoodlife.com, LLC ("Hollywood" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1.    This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two copyrighted photographs and one video of NASCAR driver Dale Earnhardt Jr.'s wedding, owned and registered by Myers, a professional photojournalist. Accordingly, Myers seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.    This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are transacting business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff is a professional photojournalist in the business of licensing her photographs for a fee, residing at 423 North Shore Drive, Lexington, North Carolina, 27292.

6. Upon information and belief, Hollywood is a foreign limited liability company duly organized and existing under the laws of the State of Delaware, with a place of business at 475 5th Avenue, New York, New York 10017. Upon information and belief, Hollywood is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Hollywood has owned and operated a website at the URL: www.HollywoodLife.com (the "Website") and has operated their Youtube Channel (the "Channel").

## STATEMENT OF FACTS

**A.   Background and Plaintiff's Ownership of the Photographs and Video**

7. On December 31, 2016, Myers attended Dale Earnhardt Jr. and Amy Reinmann's wedding and took photographs of the newly wed couple (the "Photographs"). See Exhibit A.

8. On December 31, 2016 Myers also took video of the couple during their first dance (the "Video").

9. Myers then published the Photographs and Video onto her Facebook page and Twitter page.

10. Myers is the author of the Photographs and Video and has at all times been the sole owner of all right, title and interest in and to the Photographs and Video, including the copyright thereto.

11. The Photographs were registered with the United States Copyright Office and were given Copyright Registration Number VA 2-026-508.

12. The Video was registered with the United States Copyright Office and was given pending Copyright Registration number 1-4505539445. See Exhibit B.

13. For the pending application the fee has been paid and the video was deposited with the United States Copyright Office.

**B.     Defendant's Infringing Activities**

14. Upon information and belief, on or about January 1, 2017, Hollywood ran an article on the Website entitled *Dale Earnhardt Jr. Married: Ties the Knot With Amy Reimann On NYE-Congrats*. See http://hollywoodlife.com/2017/01/01/dale-earnhardt-jr-amy-reimann-married-new-years-eve-wedding-pics/. The article prominently featured the Photographs and the Video. A true and correct copy of the article is attached hereto as Exhibit C.

15. Upon information and belief, on or about April 11, 2017 Hollywood copied the Video and placed it on their operated YouTube channel. See https://www.youtube.com/watch?v=Vfv6pB_uyZo. A true and correct copy of the video on their Youtube channel is attached hereto as Exhibit D.

16. The article credits "Courtesy of Twitter" in the gutter credit under the Photographs. See Exhibit C.

17. Hollywood add a "HL" watermark to the Video. See Exhibit D.

18. Upon information and belief, the article was written by a staff writer.

19. The Photographs appear on Hollywood's servers.

20. Upon information and belief, the Video was copied by a member of Hollywood's staff and placed on the Channel.

21. Hollywood did not license the Photographs or Video from Plaintiff for its article and, nor did Hollywood have Plaintiff's permission or consent to publish the Photographs or Video on its Website or Channel.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST HOLLYWOOD)**
**(17 U.S.C. §§ 106, 501)**

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. Hollywood infringed Plaintiff's copyright in the Photographs and Video by reproducing and publicly displaying the Photographs and Video on the Website and Channel. Hollywood is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs and Video.

24. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

25. Upon information and belief, the foregoing acts of infringement by Hollywood have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

26. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

27.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs and Video, pursuant to 17 U.S.C. § 504(c).

28.     Plaintiff further is entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

29.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST HOLLYWOOD
## (17 U.S.C. § 1202)

30.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-29 above.

31.     The conduct of Hollywood violates 17 U.S.C. § 1202(b).

32.     Plaintiff posted the Photographs and Video on her Twitter page which had copyright management information on it.

33.     Upon information and belief, Hollywood went to Plaintiff Twitter page and copied the Photographs and Video and pasted it onto the Website without the copyright management information and instead credited "Courtesy of Twitter" in the gutter credit. See Exhibit C.

34.     Upon information and belief, Hollywood copied the Video without the copyright management information and instead added their logo "HL". See Exhibit D.

35. The falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

36. Upon information and belief, the falsification, alteration and/or removal of said copyright management information by crediting "Twitter" in the gutter credit and adding their own "HL" watermark was made by Hollywood intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs and Video. Hollywood also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs and Video.

37. As a result of the wrongful conduct of Hollywood as alleged herein, Plaintiff is entitled to recover from Hollywood the damages, that she sustained and will sustain, and any gains, profits and advantages obtained by Hollywood because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

38. Alternatively, Plaintiff may elect to recover from Hollywood statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Hollywood be adjudged to have infringed upon Plaintiff's copyrights in the Photographs and Video in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Hollywood be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs and Video; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       June 12, 2017

                                      LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz  
Richard P. Liebowitz  
11 Sunrise Plaza, Suite 305  
Valley Stream, NY 11580  
Tel: (516) 233-1660  
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Caron Myers*
